UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBIN V. SPURLOCK and
ROMEO C. LAGONOY,

        Plaintiff(s),        CASE NUMBER: 06-15251
                                      HONORABLE VICTORIA A. ROBERTS
v.

MARK RAJT, BRUCE GOWER, and
SOUTHERN MICHIGAN INSURANCE
COMPANY,

        Defendant(s).
_____/

**ORDER**

**I.    INTRODUCTION**

The Court already: (1) granted Defendants' motions for Rule 11 sanctions but reserved stating an amount for sanctions pending further submission by Defendants; and (2) denied a request for costs, expenses and attorney fees under 28 U.S.C. §1927 (See Order dated July 23, 2007).

This matter is now before the Court on Defendants' Mark Rajt, Bruce Gower, and Southern Michigan Insurance Company's (collectively "Defendants") "Motion for Attorney Fees Pursuant to 42 U.S.C. §1988." (Doc. #35).

Plaintiffs Robin Spurlock and Romeo Lagonoy (collectively "Plaintiffs") did not respond.

Defendants' motion for attorneys' fees is **DENIED**, but the Court now awards the specific sanctions under Defendants' previous motions.

1

## II. PROCEDURAL BACKGROUND

Plaintiffs brought an action under 42 U.S.C. §1983 seeking damages for alleged civil rights violations. On July 23, 2007, the Court granted Defendants' motion for summary judgment and motion for Fed. R. Civ. P. 11 sanctions. The Court did not determine the amount of sanctions because Defendants did not submit an itemization of reasonable expenses and attorneys' fees incurred. On July 30, 2007, Defendants submitted an itemization and supporting documents. They seek a total of $37,210.00 in fees. Defendants submitted this motion for attorneys' fees on August 6, 2007 for the same amount.

## III. APPLICABLE LAW AND AHALYSIS

### A. Rule 11 Sanctions

Fed. R. Civ. P. 11(c)(4) says:

> A sanction . . . must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

The Court previously determined monetary sanctions were appropriate. *See* Order dated July 23, 2007. The Court will now use its "wide discretion" to determine the amount of sanctions to impose. *See Runfola & Associates, Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 376 (6th Cir. 1996). For Rule 11 purposes, the fees must have been incurred because of the filing of an improper pleading. *Bodenhamer Bldg. Corp. v. Architectural Research Corp.*, 989 F.2d 213, 218 (6th Cir. 1993).

Sanctions limited to reasonable attorneys' fees incurred in the preparation and

2

filing of Defendants' motion for summary judgment and motion for Rule 11 sanctions are sufficient to deter repetition of Plaintiffs' conduct or comparable conduct.

To determine if Defendants' requested fees are reasonable, the Court may employ the "lodestar" approach. *See Bodenhamer Bldg. Corp.*, 989 F.2d at 221. "The most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The Court will first consider the number of hours expended. Defendants submitted a spreadsheet showing: (1) the attorney who performed each task; (2) the date each task was performed; (3) a description of the task; and (4) the number of hours spent on each task. Based on the spreadsheet, attorney Mark Rajt ("attorney Rajt") spent 51.2 hours preparing the motion for summary judgment and attorney Kenneth Lupo ("attorney Lupo") spent 12.7 hours on the motion for summary judgment. In addition, attorney Rajt spent 1.1 hours preparing the motion for Rule 11 sanctions and attorney Lupo spent 6.9 hours on the motion for Rule 11 sanctions.

Of the total 52.3 hours attorney Rajt spent on the preparation of Defendants' motion for summary judgment and motion for Rule 11 sanctions, the Court excludes 22.4 hours because they are excessive, redundant, or unnecessary. *See id.* at 434. Similarly, the Court excludes 5.6 hours of attorney Lupo's 19.6 hours. This leaves 29.9 reasonable hours for attorney Rajt and 14 reasonable hours for attorney Lupo.

Turning to the hourly rates, Defendants say attorney Rajt's rate is $300 per hour and attorney Lupo's rate is $200 per hour. To be reasonable, these rates must be "in line with those prevailing in the community for similar services by lawyers of reasonably

comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 896 n.11 (1984). They cannot "exceed the market rates necessary to encourage competent lawyers to undertake the representation in question." *Couter v. State of Tenn.*, 805 F.2d 146, 149 (6th Cir. 1986).

Attorney Rajt's affidavit states: (1) he graduated Magna Cum Laude from the Detroit College of Law; (2) he has been practicing law in Michigan for 16 years; (3) he has tried countless cases throughout Michigan; (4) the majority of his practice is in the area of No-Fault Insurance, automobile negligence, and insurance coverage issues; (5) attorney Lupo studied law at The Ohio State University under a merit scholarship; (6) attorney Lupo has been practicing law in Michigan for over four years; (7) attorney Lupo is licensed in Michigan and Ohio; and (8) the hourly rates for attorneys Rajt and Lupo are "commensurate with the hourly rates charged by attorneys in the downtown Detroit, Michigan area with similar experience and expertise[.]"

To support these assertions, Defendants submitted the State Bar of Michigan's 2003 "Economics of Law Practice" survey. This survey lists rates by range and percentile based upon a number of factors, including years in practice, primary field of law, legal classification, and geographic location.

The Court evaluated attorney Lupo's hourly rate using the average rate in the community. Conversely, given the experience and skill level of attorney Rajt, the Court placed him in the 95th percentile of fees. Keeping in mind attorney rates have likely increased since the survey was released, the Court finds $300 is a reasonable hourly rate for attorney Rajt and $200 is a reasonable rate for attorney Lupo.

The total lodestar amount is $11,770.00 (29.9 hours @ $300 per hour + 14 hours

4

@ $200 per hour). This amount can be adjusted upward or downward based on various factors. *See J.B. Hunt Transport, Inc. v. Adams*, 2008 WL 126595 at *1 (E.D. Mich. Jan. 14, 2008) (citing *Hensley*, 461 U.S. at 430 n.3):

> Once the lodestar is calculated, the fee may be adjusted in consideration of a number of factors: (1) time and labor; (2) difficulty of the case; (3) skill necessary; (4) the extent the attorney is precluded from working on other matters; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations; (8) the amount involved and results obtained; (9) the attorneys' experience, reputation, and ability; (10) the undesirability of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases.

But, many of these factors are subsumed within the lodestar calculation. *See Hensley*, 461 U.S. at 434. And, the Court does not see any reason to disturb the presumption that the lodestar amount is a reasonable fee. *See Blum*, 465 U.S. at 897.

### B. 42 U.S.C. §1988

"A prevailing party in a 42 U.S.C. §§ 1983, 1985 and 1986 civil rights action, at the discretion of the trial court, is entitled to attorney fees as part of costs." *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001) (citing 42 U.S.C. §1988(b)). But, a successful defendant should only receive attorneys' fees when an action is "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). In addition, "[a]n award of attorney fees against a losing plaintiff in a civil rights action 'is an extreme sanction, and must be limited to truly egregious cases of misconduct.'" *Riddle*, 266 F.3d at 547 (quoting *Jones v. The Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986)).

Although the Court found Plaintiffs' Complaint to be "utterly baseless" and "void of any facts or evidence to support a claim of civil conspiracy," Plaintiffs' misconduct

was not so egregious to warrant attorneys' fees. *See* Order dated July 23, 2007.

## IV. CONCLUSION

The Court awards Defendants $11,770.00 for Plaintiffs' violation of Fed. R. Civ. P. 11, under Defendants previous motions, Doc. #. 26 and 27. Defendants' motion for attorneys' fees under 42 U.S.C. §1988 is **DENIED**.

The Rule 11 sanctions are awarded against Romeo Lagonoy and his law firm and are payable within 90 days of entry of this Order.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 15, 2008

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 15, 2008.<br><br>s/Linda Vertriest<br>Deputy Clerk |